SAI HUA LIU, Qin Sheng
Lin, Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 06–5508–ag.

United States Court of Appeals,
Second Circuit.

Sept. 7, 2007.

Peter Lobel, New York, NY, for Petitioners.

Peter D. Keisler, Assistant Attorney
General; James E. Grimes, Senior Litigation Counsel; Erica B. Miles, Attorney,
Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for
Respondent.

PRESENT: Hon. JOSÉ A.
CABRANES, Hon. REENA RAGGI and
Hon. PETER W. HALL, Circuit Judges.

***SUMMARY ORDER***

Sai Hua Liu and her husband, Qin
Sheng Lin, natives and citizens of China,
seek review of a November 6, 2006 order
of the BIA affirming the May 12, 2005

decision of Immigration Judge ("IJ") Gabriel C. Videla, which denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sai Hua Liu and Qin Sheng Lin,* Nos. A78 725 298, A78 746 496 (B.I.A. Nov. 6, 2006), *aff'g* Nos. A78 725 298, A78 746 496 (Immig. Ct. N.Y. City May 12, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Here, the IJ's adverse credibility finding was based, in part, on the fact that Liu falsely stated in her application that her husband, Lin, had been forcibly sterilized, and further submitted to the Immigration Court a fraudulent document certifying his purported sterilization. In the asylum context, the submission of a fraudulent document that goes to the heart of an applicant's claim alone may be sufficient support for an adverse credibility finding. *See Borovikova v. U.S. Dep't of Justice,* 435 F.3d 151, 157–58 (2d Cir.2006); *see also Matter of O–D–,* 21 I & N Dec. 1079 (BIA 1998). Indeed,

> a finding of fraudulent evidence redounds upon all evidence the probative force of which relies in any part on the credibility of the petitioner. And where an IJ's finding of fabrication (supported by substantial evidence) serves as the basis for discrediting other evidence, a reviewing court is in no position to conclude that the discrediting of the remaining evidence is unsupported by substantial evidence.

*Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007).

Here, the record clearly demonstrates that Liu knowingly filed an application containing false information and submitted a fraudulent document to the Immigration Court. Over a one year and five month period, during which Liu appeared before an IJ at least three times, Liu did not retract her false application, testimony, or evidence. In fact, Liu testified to the truthfulness of the information contained in her application. Liu did not admit to the false information and fraudulent document until her case was consolidated with her husband's case. Contrary to their assertion, the IJ did consider Liu's retraction and explanation that the travel agency preparing her application informed her that it was necessary to submit the false information in order to be granted asylum. The IJ, however, found this explanation insufficient to overcome the gravity of Liu's willingness to knowingly provide false information to the Immigration Court. This finding was reasonable, given the length of time Liu allowed this false information to remain before the IJ, and the three hearings at which she did not retract her false submissions. *See, e.g., Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (holding that the agency need not credit an explanation unless a reasonable fact-finder would be compelled to do so). For these same reasons, and because Liu's retraction occurred only after the couple's cases had been consolidated, the IJ's finding that Liu's retraction resulted

from her fear of being discovered did not amount to bald speculation. *See Siewe,* 480 F.3d at 168–69 (holding that "speculation that inheres in inference is not 'bald' if the inference is made available to the fact-finder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience" and according deference to an IJ's finding "[s]o long as an inferential leap is tethered to the evidentiary record."). Accordingly, the IJ reasonably relied, in part, on Liu's submission of a false statement, a fraudulent document, and false testimony in finding the couple's applications not credible. *Siewe,* 480 F.3d at 170.[1] Filing a knowingly false asylum application casts a serious shadow on an applicant's overall credibility. While applicants should be encouraged to recant false statements and withdraw false applications, the agency is not required to overlook such falsities in making its ultimate determination.

The IJ also reasonably found that several other inconsistencies and omissions in the record supported his adverse credibility determination, including the couple's discrepant testimony regarding their time in hiding. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003). While these additional findings may not have been central to their claim, the IJ was entitled to rely on their cumulative effect, *see Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006), especially where "the IJ was free to deem suspect other documents (and to disbelieve other testimony) that depend for probative weight upon [Liu's] veracity," having found that

Liu previously submitted a fraudulent document and testified falsely. *Siewe,* 480 F.3d at 170. While Liu and Lin offered explanations for these discrepancies and omissions, no "reasonable fact-finder would have been *compelled* to credit" them. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Ultimately, we find that these omissions and discrepancies coupled with Liu's submission of a fraudulent document and false statements provide ample support for the IJ's adverse credibility determination. *See Zhou Yun Zhang,* 386 F.3d at 74.

As we find the IJ's adverse credibility determination supported by substantial evidence in the record, the IJ acted reasonably in denying Liu's and Lin's asylum and withholding of removal claims. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006) (noting that a withholding claim necessarily fails if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim). Further, because petitioners have not raised any argument as to their CAT claims before this Court, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DE-

---

1. This is not a case where reliance on the submission of a fraudulent document for making an adverse credibility finding should be limited. *See Siewe,* 480 F.3d at 170 (detailing the typical situations when the maxim *falsus in uno, falsus in omnibus* (false in one thing, false in everything) should be limited); *see also Lin v. Gonzales,* 445 F.3d 127, 133 (2d Cir.2006) (finding it unreasonable to discredit

an applicant's evidence where the fraudulent document at issue was created "to escape immediate danger or imminent persecution."). Indeed, Liu admits that she had the fraudulent sterilization certificate in this case created for the sole purpose of succeeding in an asylum application before the Immigration Court.

NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).